Nathaniel L. Dilger (SBN 196203)
ndilger@onellp.com
Peter R. Afrasiabi (SBN 193336)
pafrasiabi@onellp.com
Joseph K. Liu (SBN 216227)
jliu@onellp.com
**ONE LLP**
23 Corporate Plaza
Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2780
Facsimile:   (949) 258-5081

*Attorneys for Plaintiff,*
*Haptix Solutions LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| HAPTIX SOLUTIONS LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., a Delaware corporation; and LOGITECH, INC., a California corporation, <br><br> Defendants. | Case No. 8:26-cv-00571 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

For its Complaint against Meta Platforms, Inc. ("Meta") and Logitech, Inc. ("Logitech") (collectively, "Defendants"), Plaintiff Haptix Solutions LLC ("Haptix" or "Plaintiff") hereby alleges as follows:

## I.     NATURE OF THE ACTION

1. This is an action for patent infringement of United States Patent No. US8,253,686 ("the '686 Patent" or "the Asserted Patent"), arising under the Patent Laws of the United States, 35 U.S.C. §1, *et seq.*, seeking damages and other relief under 35 U.S.C. § 281, *et seq.*

## II.     THE PARTIES

2. Plaintiff Haptix is a limited liability company organized and existing under the laws of California with a principal place of business located at 26522 La Alameda Avenue, Suite 360, Mission Viejo, CA 92691.

3. On information and belief, Defendant Meta Platforms, Inc. ("Meta") is a corporation organized under the laws of Delaware, with offices located in this District at 12126 W. Waterfront Dr, Playa Vista, CA 90094.

4. On information and belief, in 2014, Meta (then known as Facebook) acquired Oculus VR, Inc. ("Oculus"), which was headquartered in Irvine, California, and Meta later reorganized Oculus under its Reality Labs division, which continues to focus on virtual and augmented reality technologies. Meta has a continuous and systematic presence in this judicial district through Reality Labs.

5. On information and belief, Defendant Logitech, Inc. ("Logitech") is a corporation organized under the laws of California, with offices within California, including within this District at 3 Jenner, Irvine, CA 92618.

6. Defendants make, use, offer for sale, sell, and/or import into the United States the Accused Products described below. Defendants sell and offer to sell products and services throughout the United States, including in this District, and introduce products and services into the stream of commerce, which include the Accused Products described below. Defendants perform these acts knowing that the Accused Products will

be sold in this District and elsewhere in the United States, resulting in infringement of Plaintiff's Asserted Patent identified below.

7. On information and belief, Defendant Logitech is the manufacturer of the Accused Products and infringes the '686 Patent at least by making, using, offering for sale, selling, and/or importing into the United States the Accused Products.

8. On information and belief, Defendant Logitech makes the Accused Products according to Defendant Meta's specifications to operate with Defendant Meta's virtual and augmented reality products, and provides the Accused Products to Defendant Meta.

9. On information and belief, Defendant Meta infringes the '686 Patent at least by using, having made, offering for sale, selling, and/or importing into the United States the Accused Products.

10. Defendants conduct significant, persistent and regular amounts of business in this District through product sales by its distributors, direct customers, and resellers, and Defendants derive substantial revenue from such business.

### III.   JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants because each of them has purposefully availed itself of the privileges and benefits of the laws of the State of California.  Further, Defendants are subject to this Court's general and specific personal jurisdiction because Defendants have sufficient minimum contacts within the State of California, pursuant to due process and/or the California Long Arm Statute, because Defendants purposefully availed themselves of the privileges of conducting business in the State of California, and because Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of California, including Defendants' regularly doing or soliciting business and deriving substantial revenue from

providing products and services to individuals in this District, including the Accused Products described below, which is accused of infringing Plaintiff's Asserted Patent. The exercise of jurisdiction over Defendants would thus not offend traditional notions of fair play and substantial justice.

## IV.   BACKGROUND

**A.   The Haptic Pen of the '686 Patent**

10.   The '686 Patent describes and claims various innovative aspects of an electronic stylus for use in various electronic devices for providing haptic feedback to users of the stylus.  A true and correct copy of the '686 Patent is attached hereto as Exhibit A.  Below is a representative figure from the '686 Patent:



FIG. 2

*See* Exhibit A.

11.   The '686 Patent was duly and legally issued to the Electronics and Telecommunications Research Institute ("ETRI") by the United States Patent and Trademark Office on August 28, 2012, and is entitled "Pointing Apparatus Capable of Providing Haptic Feedback, and Haptic Interaction System and Method Using the Same." The '686 Patent is based on a patent application filed on November 21, 2008, and claims priority to earlier Korean Patent Applications, KR10-2007-0120838 filed on November

26, 2007, KR10-2008-0015283 filed on February 20, 2008, and KR10-2008-0070009 filed on July 18, 2008. Plaintiff Haptix is the exclusive licensee of the '686 Patent.

12. The '686 Patent was invented by ETRI inventors Ki Uk Kyung, Jun Young Lee, Jun Seok Park, Chang Seok Bae, Dong Won Han, and Jin Tae Kim. ETRI is the national leader in Korea in the research and development of information technologies. Since its inception in 1976, ETRI has developed new technologies in DRAM computer memory, CDMA and 4G LTE cellular phone communications, large-scale computer storage, LCD / touchscreen display technology, and computers and devices with haptics functionality, which is the technology at issue in this case.

13. ETRI employs over 2,000 research/technical staff, of whom 90% hold a post-graduate degree and 50% have earned a doctoral degree in their technological field. Over the last five years, ETRI has applied for a total of about 17,000 patents, has contributed to over 8,000 proposals that have been adopted by international and domestic standard organizations, and has published over 1,200 articles in peer-reviewed technology publications.

14. Among other innovations, the '686 Patent describes and claims a unique system for an electronic stylus that provides haptic feedback to a user interacting with an electronic device. The stylus uses a wireless communication system to receive control signals and to provide haptic feedback to the stylus user.

15. An example of one embodiment of the innovative haptic stylus of the '686 Patent can be seen in the '686 Patent figure reproduced below:

FIG. 1

*See* Exhibit A.

16. The patented electronic stylus comprises a mechanism to provide haptic feedback, such as providing vibrations, that engages based on a control signal. This haptic feedback mechanism causes, for example, a gentle user-detectable vibration from the stylus while moving the pen, writing (on paper or virtually), erasing (on paper or virtually), or clicking, which acts to provide the user a more natural and responsive feel similar a traditional writing instrument on paper. For example, the frequency of the stylus vibrations increases as the stylus speed increases. This causes the haptic pen to more closely mimic the familiar feeling of drawing a pen across a sheet of paper.

17. One embodiment of the innovative haptic pen disclosed in the '686 Patent is described below:

> As illustrated in FIG. 5A, in order to reproduce a haptic feeling while drawing or writing on the touch screen 203 by means of the haptic stylus 100, the cycle of the digital signal is increased within the cycle range of not rotating the rotary vibrator 101 continuously (i.e., the cycle range of not generating a

condition like the case C of FIG. 3B) as the speed of rubbing the surface of the touch screen 203 is increased.

When the surface of the touch screen 203 is rubbed by means of the haptic stylus 100, a pointer moves with the movement of the haptic stylus 100. At this point, the cycle of an input signal of the rotary vibrator 101 is increased as the speed of the pointer is increased.

For example, as illustrated in FIG. 5B, the vibration is generated once per a second when the speed of the pointer is at a level 1, and the vibration is generated five times per a second when the speed of the pointer is at a level 5. That is, as the moving speed of the haptic stylus 100 is increased, a stimulus is generated more frequently, so that a haptic feeling is generated as if a stroke is made rapidly in writing or drawing.

***

In order to generate a realistic feeling of making a stroke on the surface of the touch screen 203 while drawing or writing on the touch screen 203 by means of the haptic stylus 100, the vibration intensity of the rotary vibrator 101 is increased as the rubbing speed is increased.

Ex. A, 7:24-55.

18. The figure below further illustrates the haptic features described in the '686 Patent:

**COMPLAINT FOR PATENT INFRINGEMENT**



FIG. 5A



FIG. 5B

*See* Exhibit A.

19. Another embodiment of the innovative haptic pen disclosed in the '686 Patent is described below:

> FIG. 7 is a conceptual diagram illustrating a principle of changing the intensity of the vibration by means of the linear vibrator 102 while the haptic stylus 100 according to an embodiment of the present invention is used to draw or write on the touch screen 203.
>
> As a method of feeding back a realistic feeling of making a stroke on the surface of the touch screen 203 while drawing or writing on the touch screen 203 by means of the haptic stylus 100, a method of increasing the stimulus cycle of the rotary vibrator 101 with an increase in the rubbing speed has been illustrated in FIGS. 5A and 5B. This principle may be implemented not only by the rotary vibrator 101, but also by the linear vibrator 102.
>
> As illustrated in FIG. 7, . . . the cycle of an input signal of the linear vibrator 102 increases as the speed of the pointer increases. For example, if the speed of the pointer is at a level 1, the vibration may be generated once

per a second; and if the speed of the pointer is at a level 5, the vibration may be generated five times per a second.

At this point, at the time when the signal changes from HIGH to LOW, the mass 402 in the linear vibrator 102 collides with the top side and the bottom side alternately by one time, a feeling of rubbing a granular surface is reproduced for the user 201 holding the haptic stylus 100.

In particular, the linear vibrator 102 is apparent in terms of the start and end of the signal, so that the user 201 feels as if a granular pattern of a surface is rubbed at a higher speed as the surface is rubbed at a higher speed.

As described in FIG. 7, the speed of the pointer moving with the movement of the haptic stylus 100 may be determined to be within a predetermined level, or may be determined to be in a continuous functional relationship with the cycle of a stimulus.

Ex. A, 8:12-50.

**B.     The "MX Ink" Haptic Pen**

20.    Logitech makes, uses, offers for sale, sells and/or imports electronic styluses and haptic interaction systems and other technology products in the United States. As shown in the attached claim chart (Exhibit B), at least the "MX Ink" infringes at least Claim 1 of the '686 Patent, as well as any other electronic stylus made, used, sold, offered for sale, and/or imported by Defendants having substantially the same construction and haptic features as the "MX Ink," as well as in combination with the Meta Quest Virtual Reality Headsets described below (collectively, the "Accused Products").

21. The Accused Products directly implement the patented features of the electronic stylus and/or the haptic interaction system described and claimed in the '686 Patent. For example, the figures below compare the Accused Products (left photo) against the electronic stylus described and claimed in the '686 Patent (right image).



*See* https://www.logitech.com/en-us/products/vr/mx-ink-mr-stylus.914-000085.html; Exhibit A.

22. In addition to the structural similarity between the Accused Products and the patented electronic stylus described and claimed in the '686 Patent, the Accused Products also include precisely the same haptic features of the patented electronic stylus. For example, Logitech describes and markets the accused "MX Ink" as having "[h]igh-accuracy 6DoF with balanced button feel, pressure, tactility, and haptics achieves seamless spatial tracking. It's a must for MR applications." *Id.*

23. In marketing the Accused Products, Logitech has repeatedly touted the benefits of the patented haptic features described and claimed in the '686 Patent:

- "Pressure-sensitive and Haptic Finesse[.] High-precision creativity and control with a pressure-sensitive tip and main button. Sketch, grab, move, and manipulate with simplicity in Mixed Reality (MR)." *Id.*

10
**COMPLAINT FOR PATENT INFRINGEMENT**

- "Manifest Your Imagination[.] The potential for creativity in Mixed Reality (MR) is maximized with masterfully engineered high-precision controls. Perfect placement for pen and wand articulation includes 3 controls at the front, tip for 2D interactions, Meta button at the top, and haptic feedback. Sketch, grab, move, and manipulate objects in virtual space—even in context with physical space." https://www.logitech.com/en-us/products/vr/mx-ink.html.

24. Users similarly tout the benefits provided by the haptic features incorporated in Logitech's Accused Products:

- "The pen's light weight (just 29 grams) and haptic feedback make it feel remarkably like using a real brush on canvas. The tracking is precise enough that your strokes appear exactly where you expect them, whether you're drawing on a virtual flat surface or in three-dimensional space." https://mixed-news.com/en/mixed-reality-stylus-logitech-mx-ink-review/.
- "The MX Ink even includes a haptic engine for feedback. So even if you're using it against a *virtual surface*, the stylus can let you know when you're touching the canvas." https://www.roadtovr.com/logitech-mx-ink-vr-stylus-quest-hands-on-preview/.
- "The wireless stylus is fully spatially trackable, allowing for complete full-motion 6DoF (degrees of freedom) work like Meta's Quest controllers. The stylus also has its own haptics, and a pressure-sensitive tip for work on 2D surfaces. According to Logitech, the haptics also simulate the feel of drawing on different types of surface materials." https://www.cnet.com/tech/computing/logitechs-new-mx-ink-is-like-a-3d-apple-pencil-for-meta-quest-artists/.
- "Logitech claims they developed the MX Ink to be "optimized for precision" as it reportedly has "low-latency on par with Meta Quest controllers." Thanks to the haptic feedback, the stylus offers an immersive experience

meant to mimic what it is to use an actual pen on paper."

https://www.techradar.com/computing/virtual-reality-augmented-reality/logitechs-new-mx-ink-stylus-can-turn-you-into-a-digital-picasso-on-meta-quest-headsets.

C.  The "Meta Quest" Virtual Reality Headsets

25. Meta offers for sale, sells, uses, has made, and/or imports electronic styluses and haptic interaction systems and other technology products in the United States, including at least the Accused Products described above[1], and thereby directly infringes at least Claim 1 of the '686 Patent. In addition, Meta offers for sale, sells, uses, has made, and/or imports augmented reality (AR) and virtual reality (VR) products and other technology products in the United States. MX Ink stylus is designed by Meta and Logitech to uniquely interface with, receive commands from, and work with Meta AR and VR products, including but not limited to Meta Quest 2, Quest 3, and Quest 3S ("the Meta Quest Virtual Reality Headsets"). By way of one example, as illustrated in the attached claim chart (Exhibit B), MX Ink stylus is designed to communicate with the Meta Quest Virtual Reality Headsets and to receive haptic output information from these headsets. For example, once the "MX Ink stylus seamlessly pairs with Meta Quest headsets through the Meta Quest app," users are able to "[s]ketch, grab, move, and manipulate objects in virtual space—even in context with physical space."

---

[1] *See, e.g.,* https://www.meta.com/quest/accessories/logitech-mixed-reality-stylus/?srsltid=AfmBOoqaOmZfOPbAc_ia_PkDH8UagE4BEToT5yUVj23iOEX4ScUyQBha.



*See* https://www.logitech.com/en-us/products/vr/mx-ink-mr-stylus.914-000085.html.



*See* Exhibit B.

## V. COUNT I

### INFRINGEMENT OF THE '686 PATENT

26. Plaintiff hereby restates the allegations contained in the preceding paragraphs above as if fully set forth herein.

27. Plaintiff Haptix is the exclusive licensee of the '686 Patent and owns the right to assert all causes of action arising under the '686 Patent, the right to pursue all remedies for infringement of the '686 Patent, and the right to recover any and all available damages for infringement of the '686 Patent, including the right to sue for and recover past damages.

28. Defendants have infringed and continue to infringe the '686 Patent under 35 U.S.C. § 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States without authorization, at least the Accused Products described above. For example, as shown in the attached claim chart (Exhibit B), the Accused Products infringe at least Claim 1 of the '686 Patent.

29. Plaintiff Haptix alleges that – in addition to Defendants directly infringing the '686 Patent claims, Defendants indirectly infringe those claims. Defendants' acts of indirect infringement include inducement of infringement and contributory infringement under 35 U.S.C. §§ 271(b) and (c).

30. Defendants contributorily infringe the asserted patents by using, offering to sell, and selling within the United States and/or importing into the United States the Accused Products, including components of patented machines, manufactures, combinations, materials and/or apparatus for use in practicing the patented systems, processes or methods of the '686 Patent claims, which constitute a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '686 Patents, and not a staple article or commodity of commerce suitable for substantial non-infringing use. By way of example, such indirect infringement includes selling the Accused Products to customers and users and/or offering those customers and users access to the Accused Products and explicitly instructing those customers – through online materials, promotional materials, written instructions, user's guides, etc. – how to use the Accused Products in a manner that infringes the '686 Patent. This includes Defendants' provision of web-based, phone-based, email-based and/or literature-based promotion, support, and assistance (*e.g.*, manuals, product guides, user forums, troubleshooting tips, and other forms of support and assistance) for utilizing the Accused Products. As one example that is described above, in marketing the Accused Products, Logitech and Meta have repeatedly touted the MX Ink's "Seamless 2D to 3D" capabilities, which directly copies the features and

capabilities described and claimed in the '686 Patent, despite knowing of the '686 Patent and despite knowing that such features and capabilities in fact infringe one or more claims of the '686 Patent. *See* https://www.logitech.com/en-us/products/vr/mx-ink.html; https://www.meta.com/quest/accessories/logitech-mixed-reality-stylus/?srsltid=AfmBOoqaOmZfOPbAc_ia_PkDH8UagE4BEToT5yUVj23iOEX4ScUyQBha. Meta has indeed extensively advertised the "MX Ink Mixed Reality Stylus" on its website for direct sales to consumers and has highlighted the exclusive design of the MX Ink stylus for use with Meta Quest 2, Quest 3, and Quest 3S products. *See e.g.*, https://www.meta.com/quest/accessories/logitech-mixed-reality-stylus/?srsltid=AfmBOorluCJzpzupPmgLbLt6vMwI1-jAu6jKMBqoSwaRHS-7CnDgSHC-: "Create and collaborate in virtual reality like never before with this stylus designed exclusively for Quest. It can be used simultaneously with Quest controllers, so you can switch between them without interrupting your workflow." And "Compatible with Quest 3S Quest 3 Quest 2." And "Maximize your creativity with this stylus that lets you sketch, grab, move and manipulate objects in virtual reality. Designed to be familiar, fluid and precise, the MX Ink offers 3 controls at the front, a tip for 2D interactions, a Meta button at the top, and even haptic feedback." *Id*.

31. Defendants also indirectly infringe the '686 Patent by, for example, directing, inducing and encouraging others to directly infringe the '686 Patent, which includes entities that manufacture, import, use, sell, and/or offer to sell the Accused Products on behalf of Defendants. For example, Defendants contract with third-party manufacturers pursuant to which Defendants provides the specifications for the Accused Products or components thereof and explicitly direct the third-party manufacturers to manufacture the Accused Products in a manner that copies the features and capabilities described and claimed in the '686 Patent and/or distribute, sell or offer for sale the Accused Products, and thus infringe one or more claims of the '686 Patent.

32. Moreover, as explained further below, Defendants' acts of direct and/or indirect infringement of the '686 Patent occurs with Defendants' full knowledge of the

'686 Patent, and also with Defendants' full knowledge that the Accused Products – when manufactured and used as directed by Defendants - directly infringe one or more claims of the '686 Patent. In short, Defendants are well and fully aware that the making, using, selling, offering for sale, and/or importing of the Accused Products – whether by Defendants or on their behalf by others – constitutes direct infringement of one of more claims of the '686 Patent.

33. In view of the facts alleged above, Defendants' infringement has and continues to be willful, subjecting it to treble damages in accordance with 35 U.S.C. § 284 as well as an award to Plaintiff of its attorneys' fees in accordance with 35 U.S.C. § 285.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. A declaration that Defendants have directly infringed the '686 Patent either literally or under the doctrine of equivalents;

b. A declaration that Defendants' infringement of the '686 Patent has been and is willful;

c. A declaration that Defendants have induced infringement of and are contributorily infringing the '686 Patent either literally or under the doctrine of equivalents;

d. Awarding damages arising out of Defendants' infringement of the '686 Patent to Plaintiff, together with prejudgment and post-judgment interest, in an amount according to proof;

e. As a consequence of Defendants' willful infringement, trebling the foregoing damages award in accordance with 35 U.S.C. § 284;

f. Awarding attorneys' fees to Plaintiff pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

///

///

g.  Awarding such other costs and further relied as the Court may deem just and proper.

Dated: March 13, 2026          **ONE LLP**

By: */s/ Peter R. Afrasiabi*
     Peter R. Afrasiabi
     Nathaniel L. Dilger
     Joseph K. Liu

     *Attorneys for Plaintiff,*
     *Haptix Solutions LLC*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable under the law.

Dated: March 13, 2026  **ONE LLP**

By: /s/ Peter R. Afrasiabi
Peter R. Afrasiabi
Nathaniel L. Dilger
Joseph K. Liu

*Attorneys for Plaintiff,
Haptix Solutions LLC*